FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
04 AUG 12 AM 10: 30

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE HONORABLE ORDER OF KENTUCKY COLONELS, INC., <br><br> PLAINTIFF, <br><br> vs. <br><br> BUILDING CHAMPIONS, LLC, d/b/a KENTUCKY COLONELS BASKETBALL <br><br> Serve: Process Agent <br> CSC Lawyers Incorporating Service Company <br> 421 West Main Street <br> Frankfort, Kentucky  40601 <br><br> DEFENDANT. | Civil action no. <br><br> 3:04CV-465-H |

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Comes the Plaintiff The Honorable Order of Kentucky Colonels, Inc. ("the Honorable Order"), by Counsel, and for its Complaint against Defendant Building Champions, LLC d/b/a Kentucky Colonels Basketball ("Building Champions"), states as follows:

### PRELIMINARY STATEMENT

1. This is a straightforward case of trademark infringement. On February 10, 2004, The Honorable Order obtained a federal trademark registration for the mark KENTUCKY COLONELS in association with T-Shirts and a wide variety of merchandise. A true and accurate copy of the registration is attached hereto as Exhibit A. In or around July 2004 Building Champions started selling T-Shirts, golf shirts and caps bearing the KENTUCKY

COLONELS mark. Defendant's conduct infringes the Honorable Order's trademark and must be stopped.

2.  The Honorable Order is a non-profit organization that distributes grants to needy organizations and educational institutions. The organization formally dates back to October 14, 1930. During a meeting at the Brown Hotel in Louisville, groundwork was laid for a group to be known as The Kentucky Colonels. Governor Flem Sampson not only endorsed the organization but defined it as he urged the purpose to be "a society organization to restore the grandeur and sentiment of the original Kentucky Colonel; to more closely bond together this group into a great non-political brotherhood for the advancement of Kentucky and Kentuckians." These comments were made at the first formal meeting of The Kentucky Colonels on May 23, 1931. From a historical perspective, the phrases "Kentucky Colonel" and "Kentucky Colonels" would not exist were it not for the honorary appointments made since the early 1800s by the Governors of the Commonwealth, and the promotional work of the Honorable Order of Kentucky Colonels.

3.  The Honorable Order has used the KENTUCKY COLONELS mark since 1931. In recent years, the Honorable Order has used the KENTUCKY COLONELS mark on a wide variety of merchandise. The sale of this merchandise supports the Honorable Order's mission.

4.  Imitation may be the most sincere form of flattery, but in this case it takes the form of unfair competition. Defendant Building Champions, owner of the recently-formed American Basketball Association's new Louisville team, has decided to name the team the Kentucky Colonels. Although the Kentucky Colonels team has yet to play a single game, Building Champions is already offering T-shirts, golf shirts and caps bearing the KENTUCKY COLONELS mark for sale on its website, www.colonelsbasketball.com. To stop this unfair

competition, Plaintiff has brought this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., to enjoin Defendant from violating Plaintiff's trademark, to recover damages, and to obtain an accounting of Defendant's profits associated with its unlawful behavior.

## PARTIES

5. Plaintiff is a corporation organized under the laws of Kentucky and has its principal place of business at 1717 Alliant Avenue, Suite 14, Louisville, Kentucky 40299.

6. Defendant Building Champions is a corporation organized under the laws of the State of Indiana and has its principal place of business at 2620 Adriene Way, Louisville, Kentucky 40216. Its registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Building Champions does business under the assumed names Kentucky Colonels, Kentucky Colonels Basketball, and Kentucky Colonels Louisville.

## JURISDICTION

7. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, inasmuch as this action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq.

8. This Court has supplemental jurisdiction over The Honorable Order's state law claims pursuant to 28 U.S.C. § 1367 inasmuch as those claims are related to the claims in the action with the Court's original jurisdiction and form a part of the same case or controversy.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Building Champions has its principal place of business in this judicial district, is marketing its products in this judicial district, and has derived revenue from the sale of its products in this

judicial district. Pursuant to KRS 454.210, Building Champions is subject to personal jurisdiction in Kentucky. Accordingly, for the purposes of 28 U.S.C. § 1391(c), Building Champions is deemed to reside in this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this judicial district.

## PLAINTIFF'S TRADEMARK

11. Over the last 73 years, the "KENTUCKY COLONELS" mark has become one of the Honorable Order's most valuable properties. Accordingly, the Honorable Order has taken the necessary steps to protect this mark.

12. On March 10, 2003, the Honorable Order filed an application with the United States Patent and Trademark Office ("USPTO") to register the KENTUCKY COLONELS trademark in connection with the following goods: Metal key chains, metal money clips, commemorative metal license plates in International Class 006; Necklaces, rings being jewelry, ornamental lapel pins, cuff-links, and tie-clips in International class 014; Coffee cups; drinking glasses; shot glasses; drinking flasks in International Class 021; Multi-purpose cloth bags in International class 022; Clothing, namely shirts, T-shirts, sweat shirts, jackets, vests, baseball caps, sun visors in International Class 025; Embroidered patches for clothing in International Class 026. On February 10, 2004, the USPTO registered the KENTUCKY COLONELS trademark and assigned it the registration no. 2,812,681. *See* Exhibit A.

13. In addition to the registration which covers the goods listed above, the Honorable Order has common-law rights in the KENTUCKY COLONELS mark for such merchandise as: leather business card cases; leather checkbook covers; golf umbrellas; chairs;

golf towels; golf balls; cigars; and cigarette lighters not of precious metal. All of this merchandise is sold with labels or tags that read KENTUCKY COLONELS.

14. Neither the Honorable Order nor its licensees have authorized Building Champions to use the KENTUCKY COLONELS mark.

15. The Honorable Order's KENTUCKY COLONELS trademark is inherently strong and distinctive, has long been the subject of substantial advertising and promotion, is widely recognized by consumers and is in substantially exclusive use in connection with the merchandise for which it is registered.

## DEFENDANT'S WRONGFUL CONDUCT

16. Building Champions was aware of the Honorable Order's KENTUCKY COLONELS mark when it formed the Kentucky Colonels basketball team. Moreover, Building Champions had received cease-and-desist letters from the Honorable Order prior to the time it started offering for sale T-shirts, golf shirts and caps bearing the KENTUCKY COLONELS mark.

17. Despite knowledge of the Honorable Order's registered mark and of its objections to the unauthorized use of its mark, Building Champions is actively advertising and selling T-shirts, golf shirts and caps bearing the KENTUCKY COLONELS mark through its website, www.colonelsbasketball.com.

18. A true and accurate reproduction of a portion of the www.colonelsbasketball.com website is attached as Exhibit B. On this website, and without the Honorable Order's permission, Defendants have copied and used the KENTUCKY COLONELS mark in connection with the sale of T-shirts, golf shirts and caps in commerce.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

19. Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by reference.

20. Building Champions' use of the KENTUCKY COLONELS mark on T-shirts, golf shirts and caps is likely to cause confusion and/or mistake and/or deception as to the source and origin of the T-shirts, golf shirts and caps, as well as to cause confusion and/or mistake and/or deception regarding the association of the Kentucky Colonels basketball team with the Honorable Order.

21. Building Champions' use of the KENTUCKY COLONELS trademark has been and continues to be without the Honorable Order's consent.

22. Building Champions' use of the Honorable Order's registered trademark constitutes a willful and deliberate violation of the Honorable Order's rights under 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

23. Building Champions' unauthorized use and willful infringement of the Honorable Order's trademark has damaged and is likely to further damage the goodwill which the Honorable Order has amassed in that mark.

24. Unless Building Champions is enjoined from further infringements of the KENTUCKY COLONELS trademark, the Honorable Order will suffer irreparable injury for which there is no adequate remedy at law.

25. As a result of such unlawful acts, the Honorable Order has been forced to incur, and will continue to incur, attorneys' fees and sustain monetary damages in an amount to be determined prior to trial.

## COUNT II: COMMON LAW UNFAIR COMPETITION

43. Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by reference.

44. Building Champions' actions constitute false designations, descriptions, and representations.

45. Building Champions' actions have created the false impression that Building Champions is affiliated with, sponsored or approved by the Honorable Order.

46. Building Champions' actions constitute a violation of the common law of the Commonwealth of Kentucky.

26. Unless Building Champions is enjoined from further use of the KENTUCKY COLONELS trademark, the Honorable Order will suffer irreparable injury for which there is no adequate remedy at law.

27. As a result of such unlawful acts, the Honorable Order has been forced to incur, and will continue to incur, attorneys' fees and sustain monetary damages in an amount to be determined prior to trial.

**WHEREFORE**, the Honorable Order prays for relief as follows:

1. An Order temporarily, preliminarily and permanently enjoining Building Champions and its officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with Building Champions, from using the KENTUCKY COLONELS mark (reg. no. 2812681) and any other confusingly similar mark in connection with T-shirts, golf shirts, caps and other merchandise covered by the Honorable Order's registered trademark and common-law trademark.

2. An Order requiring that Building Champions deliver for destruction all T-shirts, golf shirts, caps and other merchandise bearing the KENTUCKY COLONELS mark in its

possession or control, along with all labels, signs, prints, packages, wrappers, receptacles and advertisements relating to that merchandise, as well as all plates, molds, matrices, and other means of making same;

3. An Order requiring Building Champions to provide a full accounting of all revenues, receipts and sales related to the sale of T-shirts, golf shirts, caps or other merchandise bearing the KENTUCKY COLONELS mark;

4. An award against Building Champions the Honorable Order's actual damages pursuant to 15 U.S.C. § 1117;

5. An award of treble damages against Building Champions pursuant to 15 U.S.C. § 1117;

6. An award against Building Champions for all profits which it made from the sale of T-shirts, golf shirts, caps or other merchandise bearing the KENTUCKY COLONELS mark pursuant to 15 U.S.C. § 1117;

7. An award against Building Champions for the Honorable Order's court costs, including its attorney's fees, pursuant to 15 U.S.C. § 1117;

8. An award to the Honorable Order of interest on any judgment rendered in this action;

9. A trial by jury; and

10. Any further relief to which the Honorable Order may appear entitled.

Respectfully submitted,

*[signature: Roxanne B. Edling]*

Steven L. Snyder
Roxanne Baus Edling
WYATT, TARRANT & COMBS, LLP
PNC Plaza
500 W. Jefferson Street
Louisville, Kentucky 40202-2898
(502) 589-5235 phone
(502) 589-0309 facsimile

*Counsel for Plaintiff, The Honorable Order of Kentucky Colonels, Inc.*

20227952.1

## VERIFICATION OF COMPLAINT

COMMONWEALTH OF KENTUCKY )
):ss
COUNTY OF JEFFERSON )

I hereby certify that the foregoing factual allegations are made on personal knowledge and are true and accurate and that the allegations made on information and belief are believed to be true.

_____
Glen Bastin, Chief Operating Officer of The Honorable Order of Kentucky Colonels, Inc.

Subscribed and sworn to before me this 30 day of July, 2004, by Glen Bastin.

My Commission expires: 3/9/06

_____
NOTARY PUBLIC

20227245.2

9