# EXHIBIT A

Case 3:04-cv-00465-JGH   Document 18-3   Filed 09/10/04   Page 2 of 4 PageID #: 506

850 F.2d 692 (Table)  
850 F.2d 692 (Table), 1988 WL 69137 (6th Cir.(Ky.))  
**Unpublished Disposition**  
(Cite as: 850 F.2d 692, 1988 WL 69137 (6th Cir.(Ky.)))  
<KeyCite History>

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

KERN'S KITCHEN, INC. and Mary Louise Kern Rupp, Plaintiffs-Appellants, Cross-Appellees,  
v.  
BON APPETIT, the Knapp Press, and the Viking Press, Defendants-Appellees, Cross-Appellants.

Nos. 87-5852, 87-6152.

July 7, 1988.

W.D.Ky., 669 F.Supp. 786.

REVERSED AND REMANDED.

On Appeal from the United States District Court for the Western District of Kentucky.

Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges and CONTIE, Senior Circuit Judge.

PER CURIAM.

**1 Plaintiffs Kern's Kitchen, Inc. and Mary Louise Kern Rupp (hereinafter referred to as "Kern's Kitchen") brought this suit against defendants Bon Appetit, Knapp Press and Viking Press (hereinafter referred to as "Bon Appetit") charging defendants with infringing their trademark "Derby-Pie" by using the mark in a recipe for a chocolate nut pie appearing in one of Bon Appetit's nationally distributed cookbooks. The parties moved for summary judgment, and the United States District Court for the Western District of Kentucky granted defendants' motion on the grounds that because the term "Derby-Pie" was generic, it was not eligible for trademark protection, and plaintiffs' trademark should be cancelled. However, the District Court also rejected defendants' motion for attorney's fees under 35 U.S.C. § 285 which provides that a court may award attorney's fees in exceptional cases. Plaintiffs appeal the District Court's decision that "Derby-Pie" is generic, and defendants cross-appeal the District Court's decision to deny attorney's fees. Because we believe that there still exists a material question of fact, we REVERSE the decision that "Derby-Pie" is generic, and REMAND the case to the District Court for further proceedings consistent with this opinion.

On August 15, 1960 Leaudra C. Kern registered the mark "Derby-Pie" in Kentucky. She also registered the mark with the United States Patent and Trademark Office on October 7, 1969. Mrs. Kern's daughter, who is the present owner of the mark, has licensed the use of "Derby-Pie" to Kern's Kitchen, who produces bakery products that use the name "Derby-Pie," including a chocolate nut pie. In 1984, Kern's Kitchen brought suit alleging that Bon Appetit had printed a cookbook for widespread publication that contained the closely guarded secret family recipe for "Derby-Pie." Plaintiffs contended that the unauthorized use of the mark constituted infringement under the Lanham Act, 15 U.S.C. § 1114(1) and KRS 365.615, unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and KRS 365.560 and has resulted in libel and disparagement of the maker and dilution of its value under the law of Kentucky.

Defendants moved for summary judgment on the grounds that the mark "Derby-Pie" is the generic or common descriptive term for a chocolate nut pie and is not appropriate for continued registration under the Lanham Act. Plaintiffs responded to this motion by filing their own motion for partial summary judgment on the grounds that "Derby-Pie" is

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



not the generic name for a type of pie. After the District Court granted defendants' motion, plaintiffs appealed.

The issue on appeal basically comes down to whether or not the facts make it clear, as a matter of law, that "**Derby-Pie**" is a generic term which is undeserving trademark protection. [FN1] "A generic term or common descriptive term is one which is commonly used as the name or description of a kind of goods." *Miller Brewing Co. v. G. Heileman Brewing Co.,* 561 F.2d 75, 79 (7th Cir.1977), *cert. denied,* 434 U.S. 1025 (1978). The question of whether a term is generic is primarily a question of fact, and when the plaintiff has federal registration of a mark, as Kern's Kitchen does here, there is a strong presumption that the term is not generic. Thus registration places the burden on the defendant to overcome that presumption. J. McCarthy, Trademarks and Unfair Competition, § 12:2 (2d. ed. 1984).

In this case, the District Court held, that as a matter of law, defendants had overcome this burden, and that the evidence was so conclusive as to the generic nature of the term "**Derby-Pie**," that no issues of material fact remained in dispute. We disagree. The grant of summary judgment motions may be affirmed only if the moving party has met its burden of establishing that there is no genuine issue as to any material fact. Thus, "[i]n ruling on a motion for summary judgment the trial court must view the evidence in the light most favorable to the party opposing the motion. On review this Court must do the same." *New Jersey Life Ins. Co. v. Getz,* 622 F.2d 198, 200 (6th Cir.1980). "[A]lthough the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts.... Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment." *S.J. Groves & Sons Co. v. Ohio Turnpike Comm'n,* 315 F.2d 235, 237-38 (6th Cir.1963). *See also, Chattanooga Mailers v. Chattanooga News-Free Press Co.,* 524 F.2d 1305, 1312 (6th Cir.1975).

\*\*2 In this case, after examining the relevant case law, and reviewing the evidence in the light most favorable to the plaintiff, we cannot say, as a matter of law, that the term "**Derby-Pie**" is generic. First, we think that the District Court underestimated the amount of evidence that defendants must present to overcome their burden on summary judgment. In order to succeed, defendants must show that the *primary* use of the term is generic. J. McCarthy, *supra* at 12:2. At best, defendants' evidence suggested that the term "**Derby-Pie**" is considered generic by *some* members of the public. Their evidence primarily consists of affidavits showing that some restaurants, cookbooks, and baking contests have used the term "**Derby-Pie**" in a generic sense to refer to any chocolate nut pie. Defendants have not shown any evidence that the *primary* significance of "**Derby-Pie**" in the minds of the public is the product and not the producer. [FN2] Defendants have also failed to introduce scientific survey evidence to support their assertions that the public views "**Derby-Pie**" as generic. [FN3] While this is not necessarily fatal to defendants' argument at trial, we do think that defendants' anecdotal evidence is insufficient to grant a motion for summary judgment.

Aside from our concern that defendants have not put forward enough evidence to meet their burden on a summary judgment motion, we do not think that the District Court adequately considered plaintiffs' evidence that "**Derby-Pie**" is not generic. First, just as defendant introduced affidavits of people who considered "**Derby-Pie**" to be generic, plaintiff introduced affidavits of people who claim that they were aware that "**Derby-Pie**" was a brand name, and not a generic term for a type of pie. [FN4] Furthermore, plaintiffs introduced evidence that in the case of *Kern v. Wilson* the District Court for the Western District of Kentucky held, for purposes of a preliminary injunction, that the mark "**Derby-Pie**" was not generic. Joint Appendix at 1307. In *Coca-Cola Co. v. Overland, Inc.,* 692 F.2d 1250, 1254 n. 11 (9th Cir.1982), the Ninth Circuit approved of using, on summary judgment, evidence that other courts had considered the term "Coke" not to be generic. We think that such evidence, while not

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.




dispositive as to the final decision of whether a term is generic, should be considered on summary judgment.

In conclusion, while we do not purport to decide the ultimate merits of this case, we think it clear that there exists a material issue of fact as to whether the term "Derby-Pie" is generic. The Judgment of the District Court is REVERSED and the action REMANDED for further proceedings consistent with this opinion. [FN5]

> FN1. A mark that is a common descriptive name of a product is generic and "[g]eneric terms are not registerable, and a registered mark may be canceled at any time on the grounds that it has become generic." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194 (1985).

> FN2. Compare *Kellogg Co. v. National Biscuit Co.* 305 U.S. 111, 118 (1938) where the Supreme Court, in a case in which the plaintiff had the burden of proving that the term was not generic, held that the plaintiff must show that the "primary significance of the term in the minds of the consuming public is not the product but the producer." In this case the standard is the same as in *Kellogg* except that the burden of production is on the alleged infringer because of the statutory presumption that a registered mark is not generic.

> FN3. "Consumer surveys have become almost de rigeur in litigation over genericness." According to Professor McCarthy, "a survey is preferable to attorneys, litigants and judges merely arguing and extrapolating from their own personal perceptions." J. McCarthy, *supra* at 12:2, 529, 533.

> FN4. *See e.g.,* Affidavits of Camille Glenn, Joint Appendix at 1300; Lillian Marshall, *Id.* at 1303; and Mark Harris, *Id.* at 1330.

> FN5. Of course, because we remanded the case for further proceedings, any discussion of the propriety of attorney's fees is premature.

850 F.2d 692 (Table), 1988 WL 69137 (6th Cir.(Ky.)), Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.


