**FILED**
JEFFREY A. APPERSON, CLERK

OCT 8 - 2004

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF       )
KENTUCKY COLONELS, INC.      )
                             )
         PLAINTIFF,          )
                             )
V.                           )       CIVIL ACTION NO. 3:04CV-465-H
                             )
BUILDING CHAMPIONS, LLC,     )
d/b/a KENTUCKY COLONELS      )
BASKETBALL                   )
                             )
         DEFENDANT.          )

**DEFENDANT'S  ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

**I. ANSWER**

Defendant Building Champions, LLC d/b/a Kentucky Colonels Basketball

("Defendant") answers the Verified Complaint for Injunctive Relief and Damages

("Complaint") filed by plaintiff The Honorable Order of Kentucky Colonels, Inc.

("Plaintiff") as follows:

**ADMISSIONS AND DENIALS**

**PRELIMINARY STATEMENT**

1.      Defendant admits that on February 10, 2004, Plaintiff obtained a federal

trademark registration for the term "KENTUCKY COLONELS" in association with t-

shirts and a variety of merchandise.  Defendant states that Exhibit A to the Complaint

speaks for itself.  Defendant denies the remaining allegations contained in paragraph 1 of

the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, denies the same.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, denies the same.

4.      Defendant admits that it is the owner of the recently-formed American Basketball Association's new Louisville team and that it decided to name the team the Kentucky Colonels.  Defendant further admits that the Kentucky Colonels team has yet to play a single game.  Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore, denies the same.

6.      Defendant admits that it is organized under the laws of Indiana and has its principal place of business at 2620 Adriene Way, Louisville, Kentucky 40216. Defendant admits that it does business under the assumed name Kentucky Colonels Basketball and that its registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

## JURISDICTION

7.    Defendant admits that this Court has subject matter jurisdiction over this action under 15 U.S.C. §1121 and 28 U.S.C. §1331.  Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8.    Defendant admits that this Court has supplemental jurisdiction over this action under 15 U.S.C. §1367.  Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

## VENUE

9.    Defendant admits that venue is proper under 28 U.S.C. §1391 and pursuant to KRS 454.210, Defendant is subject to personal jurisdiction in Kentucky. Defendant denies the remaining allegations set forth in paragraph 9 of the Complaint.

10.    Defendant admits that venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PLAINTIFF'S TRADEMARK

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, denies the same.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, denies the same.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, denies the same.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, denies the same.

15.     Defendant denies that Plaintiff's "KENTUCKY COLONELS" trademark is inherently strong and distinctive.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and therefore, denies the same.

### DEFENDANT'S WRONGFUL CONDUCT

16.     Defendant admits that it was aware of Plaintiff's "KENTUCKY COLONELS" registration when it formed the Kentucky Colonels basketball team and admits that it received one cease and desist letter from Plaintiff prior to the time Defendant started offering for sale t-shirts, golf shirts and caps.  Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant states that Exhibit B to the Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

19.     Defendant incorporates its responses to the allegations contained in paragraphs 1 through 18 above.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

## COUNT II: COMMON LAW UNFAIR COMPETITION

26.    Defendant incorporates its responses to the allegations contained in paragraphs 1 through 25 above.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint (which is incorrectly marked as paragraph 44).

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint (which is incorrectly marked as paragraph 45).

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint (which is incorrectly marked as paragraph 46).

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint (which is incorrectly marked as paragraph 26).

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint (which is incorrectly marked as paragraph 27).

## PRAYER FOR RELIEF

32.     Defendant denies that Plaintiff is entitled to the injunctive relief and damages requested in paragraphs 1 through 10 that immediately follow paragraph 31 of the Complaint (which is incorrectly marked as paragraph 27).

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendant states that:

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of unclean hands.

3.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of estoppel.

4.     Subject to reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate, in whole or in part, its damages.

5.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

6.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of laches.

7.     Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are barred, in whole or in part, by reason of the fact that Plaintiff lacks standing to bring this action.

8.     "KENTUCKY COLONELS," as used by Plaintiff, is a generic term.

9.     "KENTUCKY COLONELS," as used by Plaintiff, is merely a descriptive term.

10.    Plaintiff's U.S. Trademark Registration No. 2,812,681 for "KENTUCKY COLONELS" is invalid.

11.    Any use by Defendant of the "KENTUCKY COLONELS" term and any variation of the same is fair use.

12.    Any actions taken by Defendant were justified, and were taken in good faith without malice or ill will for Plaintiff.

WHEREFORE, Defendant requests that Plaintiff take nothing by the Complaint, that judgment be entered in favor of Defendant, and that Defendant be awarded costs, including without limitation its attorney's fees, and all other proper relief as determined to be just and appropriate by the Court.

## II. COUNTERCLAIM

## DECLARATION OF INVALIDITY AND CANCELLATION

## OF TRADEMARK REGISTRATION NO. 2,812,681

## UNDER 15 U.S.C. §1119

For its counterclaim against Plaintiff/Counter-Defendant, Building Champions, LLC ("Counter-Plaintiff"), states that:

## PARTIES

1.     Counter-Plaintiff is an Indiana limited liability company with its principal place of business at 2620 Adriene Way, Louisville, Kentucky 40216.

2.      Upon information and belief, Counter-Defendant is a Kentucky
corporation having its principal place of business at 1717 Alliant Avenue, Suite 14,
Louisville, Kentucky 40299.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action under the
provisions of 15 U.S.C. §1121, 15 U.S.C. §1119 and 28 U.S.C. §1331.   The Court has
personal jurisdiction over the parties.  Venue is proper in this District under 28 U.S.C.
§1391(b).

## FACTS GIVING RISE TO THIS ACTION

4.      Upon information and belief, in 1812, the first Governor of the
Commonwealth of Kentucky, Isaac Shelby, appointed his son-in-law, Charles S. Todd,
the first "Kentucky Colonel."

5.      Upon information and belief, the Governor of the Commonwealth of
Kentucky has appointed and continues to appoint "Kentucky Colonels."

6.      Upon information and belief, membership in Plaintiff's organization is
predicated upon an individual being appointed a "Kentucky Colonel" by the Governor of
the Commonwealth of Kentucky.

7.      Upon information and belief, not all "Kentucky Colonels" appointed by
the Governor of the Commonwealth of Kentucky are members of Plaintiff's organization.

8.      Upon information and belief, on or about February 8, 1983, Counter-
Defendant received U.S. Trademark Registration No. 1,227,024 for the word mark
"HONORABLE ORDER OF KENTUCKY COLONELS" in connection with
eleemosynary services – namely, founding scholarship, equipping playgrounds and the

- 8 -

like and to collect historical and cultural material pertaining to the Commonwealth of Kentucky.

9.      Upon information and belief, on or about February 10, 2004, Counter-Defendant received U.S. Trademark Registration No. 2,812,681 for the term "KENTUCKY COLONELS" in connection with clothing and various novelty items.

10.     Upon information and belief, the specimens of use submitted by Counter-Defendant to the United States Patent and Trademark Office (the "USPTO") demonstrating its use of the term "KENTUCKY COLONELS" on the novelty items which are the subject of Registration No. 2,812,681, displayed direct references to Counter-Defendant's charitable organization.

11.     Upon information and belief, Plaintiff uses the term "KENTUCKY COLONELS" on merchandise to promote the Plaintiff's core service.

12.     Upon information and belief, Counter-Defendant refers to members of its organization as "Kentucky Colonels" in mailings and advertisements, including its Web site.

### CANCELLATION OF REGISTRATION – GENERIC TERM

13.     Counter-Plaintiff incorporates by reference paragraphs 1-12 as though they are fully set forth herein.

14.     Counter-Defendant uses the term "KENTUCKY COLONELS" to signify persons appointed as "Kentucky Colonels" by the Governor of the Commonwealth of Kentucky; such use is generic and not entitled to trademark protection.

15.     Counter-Defendant's use of the term "KENTUCKY COLONELS" on clothing and novelty items serves as a secondary source identifying function, such use solely relates back to the Plaintiff's core service.

16.     Since the "KENTUCKY COLONELS" element of the "HONORABLE ORDER OF KENTUCKY COLONELS" service mark is generic, such term is also generic for use on promotional merchandise, such as hats and shirts, where the term relates back to its secondary source.

17.     Counter-Defendant's Registration No. 2,812,681 for the term "KENTUCKY COLONELS" is invalid because it is used merely as a generic term and generic terms are not entitled to trademark protection.

18.     Counter-Plaintiff has been damaged and is likely to continue to be damaged by Counter-Defendant's registration of the term "KENTUCKY COLONELS."

### PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff prays that the Court declare and a judgment be entered pursuant to 15 U.S.C. §1119 that:

A.     Counter-Defendant's use of the term "KENTUCKY COLONELS" as an element of its "HONORABLE ORDER OF KENTUCKY COLONELS" service mark is generic.

B.     Counter-Defendant's use of the term "KENTUCKY COLONELS" as applied to promotional items for Plaintiff's core service is generic and therefore Counter-Defendant's Registration No. 2,812,681 is invalid.

C.    The Director of the USPTO is ordered to cancel Counter-Defendant's

Registration No. 2,812,681 for "KENTUCKY COLONELS" and make the appropriate

entries upon the USPTO's records reflecting the cancellation.

D.    Counter-Plaintiff is entitled to such other, further and general relief as may

be just.

Respectfully submitted,

Michelle Kaiser Bray
Stephanie A. Hale
SOMMER BARNARD ATTORNEYS, PC
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204

and

Holland McTyeire
Greenebaum Doll & McDonald PLLC
3500 National City Tower
Louisville, KY 40202

*Counsel for Defendant/Counter-Plaintiff*

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing  and this certificate
of service was served on Plaintiff by delivering a true copy thereof to its attorneys of
record, this 8th day of October, 2004, in an envelope, first class postage prepaid,
addressed as follows:

William H. Hollander
Steven L. Snyder
Roxanne Baus Edling
WYATT, TARRANT & COMBS, LLP
PNC Plaza
500 West Jefferson Street, Suite 2600
Louisville, Kentucky 40202-2898

Counsel for Defendant/Counter-Plaintiff

- 11 -