FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

04 NOV -1 PM 3: 47

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE HONORABLE ORDER OF       )
KENTUCKY COLONELS            )
                             )
        PLAINTIFF            )
                             )
v.                           )        CIVIL ACTION NO. 3:04CV-465-H
                             )
BUILDING CHAMPIONS, LLC d/b/a/ )
KENTUCKY COLONELS            )
BASKETBALL                   )
                             )

        DEFENDANT

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Comes the Plaintiff, The Honorable Order of Kentucky Colonels, Inc. ("the Kentucky Colonels"), by and through counsel, and for its Answer to Defendant, Building Champions, LLC, d/b/a Kentucky Colonels Basketball's ("Building Champions"), Counterclaim states as follows:

### FIRST DEFENSE

1.      The Kentucky Colonels admit the allegations contained in paragraph 1 of the Counterclaim.

2.      The Kentucky Colonels admit the allegations contained in paragraph 2 of the Counterclaim.

3.      The Kentucky Colonels admit the allegations contained in paragraph 3 of the Counterclaim.

4.    The Kentucky Colonels admit the allegations contained in paragraph 4 of the Counterclaim.

5.    The Kentucky Colonels admit the allegations contained in paragraph 5 of the Counterclaim.

6.    The Kentucky Colonels admit the allegations contained in paragraph 6 of the Counterclaim.

7.    The Kentucky Colonels admit the allegations contained in paragraph 7 of the Counterclaim.

8.    The Kentucky Colonels admit the allegations contained in paragraph 8 of the Counterclaim.

9.    The Kentucky Colonels admit the allegations contained in paragraph 9 of the Counterclaim.

10.    In response to the allegations contained in paragraph 10 of the Counterclaim, the Kentucky Colonels admit that direct references to its charitable organization were displayed on some, but not all, of the specimens of use submitted to the United States Patent & Trademark Office ("USPTO") with its trademark application for KENTUCKY COLONELS for the items delineated in Registration No. 2, 812, 681.

11.    In response to the allegations contained in paragraph 11 of the Counterclaim, the Kentucky Colonels admit that all proceeds from merchandise sold bearing the KENTUCKY COLONELS mark are used to benefit its charitable work. The

2

Kentucky Colonels deny the remaining allegations or insinuations contained in paragraph 11 of the Counterclaim.

12. The Kentucky Colonels admit the allegations contained in paragraph 12 of the Counterclaim.

13. With respect to the allegations contained in paragraph 13 of the Counterclaim, the Kentucky Colonels adopt and incorporate by reference their previous responses and defenses set forth herein.

14. The Kentucky Colonels deny the allegations contained in paragraph 14 of the Counterclaim.

15. The Kentucky Colonels deny the allegations contained in paragraph 15 of the Counterclaim.

16. The Kentucky Colonels deny the allegations contained in paragraph 16 of the Counterclaim.

17. The Kentucky Colonels deny the allegations contained in paragraph 17 of the Counterclaim.

18. The Kentucky Colonels deny the allegations contained in paragraph 18 of the Counterclaim.

19. The Kentucky Colonels deny all allegations not specifically admitted herein.

## SECOND DEFENSE

20.     Building Champions' Counterclaim fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

21.     Building Champions' Counterclaim is barred by the equitable doctrines of laches, waiver, estoppel and acquiescence.

## FOURTH DEFENSE

22.     Building Champions' Counterclaim is barred in whole or in part by Building Champions' unclean hands and/or misuse of the Kentucky Colonels' trademark.

## FIFTH DEFENSE

23.     The Kentucky Colonels' conduct was not the cause in fact or the proximate cause of damages alleged by Building Champions.

## SIXTH DEFENSE

24.     Kentucky Colonels reserve the right to assert additional affirmative defenses as they become known.

WHEREFORE, Plaintiff demands that Defendant's Counterclaim be dismissed with prejudice; that the Plaintiff have and recover a judgment against Defendant and relief as requested in its Verified Complaint; that it recover its costs herein; and for further relief as the Court may deem just and proper.

4

Respectfully submitted,

*Roxanne B. Edling*

William H. Hollander
Roxanne Baus Edling
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2600
Louisville, Kentucky 40202-2898
502.589.5235

***Counsel for Plaintiff, The Honorable
Order of Kentucky Colonels, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U. S. mail, first class, postage prepaid, on this the 1st day of November, 2004:

| | |
|---|---|
| Michelle Kaiser Bray | Holland McTyeire |
| Stephanie Hale | Amy Berge |
| Sommer Barnard Ackerson, PC | Greenebaum Doll & McDonald PLLC |
| One Indiana Square, Suite 3500 | 101 S. 5th Street, Suite 3500 |
| Indianapolis, IN 46204-2023 | Louisville, KY 40202-3197 |

*Roxanne B. Edling*

One of Counsel for Plaintiff

20233392.1